THOMAS COURTNEY'S CASE.

Worcester.    November 11, 1918. — January 2, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Agreement in regard to compensation, Procedure.
    *Agency*, Scope of authority.

Where under the workmen's compensation act an injured employee and the insurer
    of his employer have reached an agreement in regard to the employee's com-
    pensation for his injury and have signed such agreement, the employee has no
    right to present his claim on the agreement before the Industrial Accident
    Board under St. 1911, c. 751, Part III, § 5, as amended by St. 1917, c. 297, § 2,
    unless the agreement was filed with the Industrial Accident Board and ap-
    proved by the board as required by St. 1912, c. 571, § 9.
In a claim under the workmen's compensation act this court found it unneces-
    sary to consider whether the evidence justified a finding that the superintend-
    ent of the employer acted as the authorized agent of the insurer, and, if he
    did, whether he had authority to make and sign in behalf of the insurer an
    agreement with the employee as to compensation for his injury after the six
    months had expired during which by St. 1911, c. 751, Part II, § 15, as modified
    by St. 1912, c. 571, § 5, the employee was required to file his claim for com-
    pensation in the absence of mistake or other reasonable cause of his failure to
    do so.

APPEAL to the Superior Court under the workmen's compensation act from a decision of the Industrial Accident Board ordering the insurer to pay to Thomas Courtney, an employee of the Worcester Gas Light Company, a weekly compensation of $10 from July 20, 1917, the date upon which the insurer last paid compensation under the agreement mentioned in the opinion, to October 3, 1917, the date upon which the employee resumed his employment, and also to pay to such employee a weekly compensation of $2 from October 3, 1917, to January 24, 1918, for partial incapacity, such last named compensation to be continued

in accordance with the requirements of the act, the total amount of compensation to January 24, 1918, being $139.43.

In the Superior Court the case was heard by *O'Connell*, J. The facts which appeared by the report of the Industrial Accident Board are stated in the opinion. The judge made a decree in accordance with the decision of the Industrial Accident Board; and the insurer appealed.

St. 1911, c. 751, Part III, § 5, as amended by St. 1917, c. 297, § 2, is as follows: "If the association and the injured employee fail to reach an agreement in regard to compensation under this act, or if they have reached such an agreement, which has been signed and filed in accordance with the provisions of this act, and compensation has been paid or is due in accordance therewith and the parties thereto then disagree as to the continuance of any weekly payments under such agreement, either party may notify the Industrial Accident Board which shall thereupon assign the case for hearing by a member of the board."

St. 1912, c. 571, § 9, is as follows: "Section four of Part III of said chapter seven hundred and fifty-one is hereby amended . . . so as to read as follows: — Section 4. If the association and the injured employee reach an agreement in regard to compensation under this act, a memorandum of the agreement shall be filed with the Industrial Accident Board and, if approved by it, thereupon the memorandum shall for all purposes be enforcible under the provisions of Part III, section eleven. Such agreements shall be approved by said board only when the terms conform to the provisions of this act."

The case was submitted on briefs.

*A. H. Bullock & J. M. Thayer*, for the insurer.

*J. H. Reid*, for the employee.

LORING, J. On November 25, 1916, Courtney met with an accident in the course of and arising out of his employment by the Worcester Gas Light Company. On June 13, 1917, he retained counsel and on July 20, 1917, that is, at the end of thirty-four weeks after the accident, he was paid $320 by the superintendent of the gas light company and signed an agreement for compensation which is not set forth in the record. On August 28, 1917, the insurance company notified the superintendent to discontinue further payments and no further payments have been

made. On September 28, 1917, the employee "at the suggestion
of the Industrial Accident Board" filed a claim for compensation.
On October 3, 1917, he was given light work by the gas light
company and is still in their employ.

The board found that the employee had reasonable cause for
failure to file his claim before September 28, 1917, because the
insurer through the superintendent of the gas light company, "its
authorized agent . . . had entered into an agreement in regard
to compensation." They also found that the insurance company
had declined to make any payments after July 20, 1917, notwith-
standing the provisions of Part II, § 4, as amended by St. 1916,
c. 90. The award ended with a finding that the employee was
entitled to $10 a week from July 20, 1917, to October 3, 1917,
and to $2 a week from October 3, 1917, to January 24, 1918,
amounting in all to $139.43. Upon this award the Superior
Court made a decree that the insurer pay the employee $139.43
and continue payment of $2 a week "in accordance with the
requirements of the act."

The employee in this court put his case on the ground that
there was evidence justifying the finding that the superintendent
of the gas light company was authorized to make the agreement
of July 20, 1917, in behalf of the insurance company and "that
the filing of the claim for the compensation on September 28,
1918, has no bearing on the case. It was filed at the suggestion
of the Industrial Accident Board, the insurer having requested a
hearing. The right to compensation had been concluded previ-
ous to this time by the signing of the agreements and receipt,
and the giving and acceptance of $320." That is to say, in this
court the employee has elected to proceed under the latter part
of Part III, § 5, as amended by St. 1917, c. 297, § 2. But the
plaintiff cannot proceed under that provision of the act because
the agreement of July 20, 1917, has not been filed with and ap-
proved by the Industrial Accident Board in accordance with the
provisions of St. 1912, c. 571, § 9.

Under these circumstances it is not necessary to determine
whether the evidence justifies the finding that the superintendent
of the gas light company was the authorized agent of the insur-
ance company and, if he was, whether he had authority to make
this agreement after the six months had expired during which the

employee was bound to bring his complaint in the absence of mistake or other reasonable cause as required by Part II, § 15, as modified by St. 1912, c. 571, § 5.

*Decree reversed.*