JAMES J. CONLON *vs.* CITY OF LAWRENCE.

Essex.    January 4, 1937. — March 1, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Contract,* Respecting injuries compensable under the workmen's compensation act, Validity. *Workmen's Compensation Act,* Agreement as to compensation.

A contract with a city by an employee entitled to partial disability compensation from the city under the workmen's compensation act, that he would relinquish his rights under the act in return for permanent employment, was unenforceable if not approved by the Industrial Accident Board.

CONTRACT. Writ in the District Court of Lawrence dated May 19, 1934.

The Appellate Division for the Northern District ordered dismissed a report by *Rowell*, J., who found for the defendant. The plaintiff appealed.

*H. F. Collins*, for the plaintiff.

*J. A. Costello*, City Solicitor, for the defendant.

DONAHUE, J. The plaintiff was employed as a carpenter in the street department of the city of Lawrence and while performing the duties of his employment received an injury to his left hand on May 11, 1932. The defendant city had accepted the provisions of the workmen's compensation act (St. 1913, c. 807; G. L. [Ter. Ed.] c. 152, § 69) and, during a period of total incapacity following his injury, the plaintiff was paid compensation by the defendant under the act. Upon his return to work he signed an agreement for the discontinuance of compensation. He was then somewhat incapacitated for labor but he was thereafter paid by the city the full wage received by other carpenters and not on the basis of partial incapacity as provided by the act.

This was the situation when, on December 26, 1933, the city council of Lawrence passed an order reciting that whereas the plaintiff "was permanently injured while employed as carpenter in the Street Department on May 11, 1932, while performing the duties of such employment; and as a result of such injury is not now able to perform the regular duties of his employment; he shall be permanently employed as a carpenter in the Street Department of the City of Lawrence as long as he shall be able to perform such work as may be assigned to him, and that he shall not be discharged from said position without the consent of the City Council."

As to the extent of his incapacity, the plaintiff testified that it was "impossible for him . . . to do finer grades of carpenter work, finer nailing, and some details of fine carpenter work." The trial judge found that at the time the order was adopted by the city council the plaintiff had "a permanent partial disability which prevented him as a carpenter from following and performing all the details of

carpenter work which he had been able to perform as a carpenter prior to . . . the date of his injury."

The plaintiff brought this action in the District Court of Lawrence to recover the sum of $880 for twenty weeks wages at $44 a week from January 12, 1934, which was the last day that he actually worked for the city, to May 19, 1934, the date of the writ. The declaration in its several counts sought to recover "for services rendered as carpenter and employee in the service of the Street Department," for work performed in accordance with a contract expressed in the order passed by the city council and for the fair value of his services during the period stated in the declaration. The trial judge found for the defendant and reported to the Appellate Division his denial of certain requests for rulings made by the plaintiff, to which reference is hereinafter made. The Appellate Division ordered the report dismissed.

The plaintiff contends that the order adopted by the city council on December 26, 1933, "was in the nature of a settlement of a claim" against the city "as an alternative to paying partial disability compensation to the plaintiff . . . under the workmen's compensation act." The mere passage of such an order would not constitute a contract, and the plaintiff's first request for a ruling which contained a contrary assumption was rightly denied. The mere adoption of the order would not even amount to an offer, although if properly communicated to the plaintiff it might have that effect. *Vinal* v. *Nahant*, 232 Mass. 412, and cases cited. Williston, Contracts (Rev. Ed.) § 26. There was no evidence of any communication between the parties after the order was passed except that the plaintiff reported for work each week from January 12, 1934, to the date of the writ, May 19, 1934.

The purpose of the passage of the order is not clearly shown by the report. It does not appear that the plaintiff had asserted any right to compensation for future partial incapacity or that there had been any negotiations between the parties preceding the adoption of the order by the city council. See *Matthews* v. *Westborough*, 131 Mass. 521. The

order does not refer to the settlement of any claim, or express an agreement of the plaintiff to surrender any rights, or show that a bargain between the parties had been concluded. If, however, we assume for the purposes of this decision that the evidence warranted a finding that there was an agreement made of the character contended by the plaintiff, he could not recover in this action.

At the time of the passage of the order by the city council the rights of the plaintiff and the obligations of the defendant, with respect to the payment of compensation for permanent partial incapacity for work, were those established by the workmen's compensation act. It was the intention of the Legislature "to cover the whole field to which the statute relates and to supersede all other provisions of law touching that subject." *Royal's Case*, 286 Mass. 374, 378. The defendant had formally accepted the provisions of the act. The plaintiff elected to avail himself of the benefits and remedies it provided when he sought and received compensation under it during the period of his total disability. Besides fixing rights and obligations the act also provides comprehensively the processes whereby such rights may be determined and such obligations enforced. "The remedies provided by the workmen's compensation act are exclusive of all other relief in cases within its provisions." *McDonnell* v. *Berkshire Street Railway*, 243 Mass. 94, 95. *King* v. *Viscoloid Co.* 219 Mass. 420, 424. *Gillard's Case*, 244 Mass. 47, 54.

The plaintiff in effect contends that the employee and the employer, who were within the operation of the act, might, without the consent of the Industrial Accident Board, make a binding contract, enforceable in an action at law, whereby the employee parted with rights given to him by the act in return for permanent employment as long as he should be able to perform such work as might be assigned to him and as long as the city council of Lawrence should not consent to his discharge.

The act in various sections manifests the general purpose to secure to employees the benefits it provides and to protect employees even from their own agreements as to

compensation, which they might make with employers or insurers. "No agreement by any employee to waive his rights as to compensation shall be valid," although, in stated circumstances, such rights may be waived "at the discretion" of the Industrial Accident Board and "with its written approval." G. L. (Ter. Ed.) c. 152, § 46. An agreement of the parties that the liability to pay compensation shall be redeemed by the payment of a lump sum is not effective unless the Industrial Accident Board "deems it to be for the best interests of the employee" and fixes the amount to be paid. G. L. (Ter. Ed.) c. 152, § 48. *Jakutis's Case,* 238 Mass. 308. *Joos's Case,* 267 Mass. 322. An "agreement in regard to compensation" is ineffective unless a memorandum thereof is filed with the Industrial Accident Board and "approved" by the board. G. L. (Ter. Ed.) c. 152, § 6. *Courtney's Case,* 231 Mass. 469. *MacKinnon's Case,* 286 Mass. 37, 38. When thus approved, such an agreement is enforceable, not in an action at law but by decree of the Superior Court on a presentation to that tribunal of "a memorandum of agreement approved" by the Industrial Accident Board. G. L. (Ter. Ed.) c. 152, § 11. *O'Reilly's Case,* 258 Mass. 205.

The asserted agreement of the parties in the present case was "an agreement in regard to compensation" within the meaning of the statute, for it took from the plaintiff such rights as he had to weekly compensation for a permanent partial incapacity for work in the future and substituted therefor something else. Such an agreement would be binding on the parties only if approved by the Industrial Accident Board. Since the parties were subject to the workmen's compensation act "all their rights arising under it are to be settled by the agencies there provided and not as in actions at common law." *Young v. Duncan,* 218 Mass. 346, 351. *Panasuk's Case,* 217 Mass. 589, 592.

The plaintiff's requests for rulings numbered 2, 5 and 6 assume that there was a permanent employment by the city. As his brief states, the order adopted by the city council "inaccurately described" his employment as "permanent." These requests are premised on an agreement

binding on the parties without regard to any action by the Industrial Accident Board. The third request was to the effect that the defendant was estopped from denying that the plaintiff was permanently partially incapacitated for work. The judge found that in fact to be the condition of the plaintiff. The denial of these requests was not error.

*Order dismissing report affirmed.*