STEPHEN MORSE'S CASE. March 27, 1963. Decree affirmed. The claimant was injured while lifting a heavy pipe on June 23, 1956. No notice under G. L. c. 152, §§ 41–44, was given until April 21, 1961. From the date of injury, however, until November 16, 1956, the claimant had received sick leave benefits. Since November 30, 1956, he has received disability compensation and dependency benefits from the city's workmen's compensation fund. No agreement relative to compensation has been filed under G. L. c. 152, § 6. We rule as follows on the three issues raised. 1. A finding that the city assumed liability for the injury is not supported per se by payments to the claimant. *Courtney's Case,* 231 Mass. 469, 471. *Conlon* v. *Lawrence,* 299 Mass. 528, 532. 2. On the other hand, evidence that the claimant in November, 1956, had discussed his injury with the city's workmen's compensation agent and his own superintendent, that he was sent to a doctor, and that thereafter the city paid medical bills in excess of $5,000 supported a finding that the city "had knowledge of the injury, or . . . was not prejudiced by . . . want of notice." G. L. c. 152, § 44. *Davidson's Case,* 338 Mass. 228, 231–232. 3. Expert opinion testimony that the lifting episode caused permanent damage to the heart muscle and accelerated the necessity for open heart surgery in 1957 to correct in part a preëxisting aortic stenosis, with the result that air emboli damaged the brain, reduced vision, and caused some quadriplegia, sufficiently supported a finding of causal connection between the injury and the disability. See *Sulham's Case,* 337 Mass. 586, 589–590. Costs and expenses shall be allowed by the single justice.

*C. Richard Clark,* City Solicitor, for the self insurer.
*Thomas E. Cargill, Jr.,* for the claimant.