GEORGE HANSEN'S CASE.

Suffolk.    December 8, 1965. — February 4, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Workmen's Compensation Act,* Lump sum settlement, Agreement as to compensation, Jurisdiction of Industrial Accident Board.

Approval of an agreed lump sum settlement of compensation under § 48 of the Workmen's Compensation Act, G. L. c. 152, once given by the full Industrial Accident Board, cannot be revoked by that board.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Pillsbury, J.*

*Lawrence D. Shubow* for the employee.

*George J. Ferguson* for the insurer.

WILKINS, C.J. This appeal by an employee from a decree of the Superior Court dismissing his claim for further compensation presents the question of the power of the Division of Industrial Accidents to revoke its approval of a lump sum settlement. The facts are not contested.

On February 25, 1959, the employee sustained a head injury. He was paid total incapacity compensation at the rate of $40 a week based on an average weekly wage of $109.30 plus dependency compensation at the rate of $4 a week under G. L. c. 152, § 35A, from February 26, 1959, to June 21, 1959. On June 22, 1959, the employee returned to work. On October 3, 1960, he filed a claim for partial incapacity compensation from June 25, 1959, to date and continuing, under § 35 and specific compensation under § 36. On January 4, 1961, when the case came on for hearing before a single member the employee, through his counsel, presented a signed agreement with the insurer for a lump sum settlement of $4,000. On January 9, 1961, this was approved by the full board. On January 16, 1961, the full board, as requested by the employee, voted to reconsider its action and then voted to disapprove the lump sum settlement. On February 3, 1961, the board's disapproval was communicated by letter to all parties. Prior to February 3, 1961, the insurer had sent checks to the employee and his attorney. The employee's check for $3,200 was not cashed and was returned to the insurer. The check to his attorney for $800 was cashed.

On April 26, 1961, the single member ruled that he lacked power to overrule the decision of the full board. On March 31, 1964, the reviewing board by majority vote ruled that the full board was without authority to reconsider its earlier approval. On May 3, 1965, the Superior Court judge entered the decree dismissing the claim for further compensation. The employee appealed.

Despite the order and method of procedure before the

single member, the full board, and the reviewing board, the fundamental question of substance presented to the Superior Court was whether the full board could revoke its approval of the lump sum settlement. We think that the decree of the Superior Court was right. The ruling that the full board could not revoke its approval follows from *O'Reilly's Case,* 258 Mass. 205, 209, and from *Perkins's Case,* 278 Mass. 294, 299. Were we to assume that approval of a lump sum agreement by the full board under G. L. c. 152, § 48, requires a higher degree of discretion than a weekly compensation agreement, the reasoning of the *Perkins* and *O'Reilly* cases would nevertheless control. A lump sum agreement has been held to be ''an agreement in regard to compensation'' which requires board approval under G. L. c. 152, § 6, and is enforceable under G. L. c. 152, § 11. *Conlon* v. *Lawrence,* 299 Mass. 528, 532. The purport of these sections, once approval is granted by the division, precludes further inquiry into the merits of the original controversy except by the Superior Court for fraud or mistake. *Perkins's Case, supra,* 299.

The employee further urges that the attempted revocation preceded the time when the approval was submitted to the Superior Court. We do not observe that this is a vital consideration. In *Perkins's Case* the approval of the full board likewise had not been submitted to the Superior Court.

This result is an application of a fundamental principle expressed in the early days of the Workmen's Compensation Act. ''The board 'is not a court of general or limited common law jurisdiction; . . . it is purely and solely an administrative tribunal, specifically created to administer the workmen's compensation act in aid and with the assistance of the Superior Court . . ., and as such possesses only such authority and powers as have been conferred upon it by express grant or arise therefrom by implication as necessary and incidental to the full exercise of the granted powers. . . .' *Levangie's Case,* 223 Mass. 213, 216–217.'' *Hayes's Case,* 348 Mass. 447, 452–453.

*Decree affirmed.*