GEORGE McHUGH'S CASE. February 5, 1973. As there had been no agreement under G. L. c. 152, § 6 (as amended through St. 1953, c. 314, § 6) nor any previous determination of liability under G. L. c. 152, § 8, the employee could not rest on the fact of payments theretofore

voluntarily made by the insurer (*Morse's Case,* 345 Mass. 776 [point 1]) but had the burden of proof (*Nouses's Case,* 326 Mass. 797) that (1) his incapacitating hernia condition (if he had such) at the time of the hearing before the single member (2) was causally related (see *Spalla's Case,* 320 Mass. 416, 418; *Sulham's Case,* 337 Mass. 586, 589) to the incident of August 10, 1966, as the result of which he claimed to have sustained (3) a compensable (a) injury or (b) aggravation of pre-ëmployment injury (see *Fabrizio's Case,* 274 Mass. 352, 354). The decision of the single member authorizing the insurer to discontinue compensation as of April 11, 1968, was affirmed and adopted by the reviewing board. Dr. Ridder's report on the employee's preëmployment hernias was relevant to and admissible on all three issues. There was no error in the reviewing board's denial of the employee's motions with respect to the appointment of an impartial expert (G. L. c. 152, § 9, as amended) or in the Superior Court's refusal to recommit the case to the board for the same purpose, particularly in light of the fact that the affidavit submitted to the court failed to suggest any new medical evidence. *O'Neil's Case,* 262 Mass. 266, 268. As it did not appear that the employee had even made a request of the board for an opportunity to be heard on causally related incapacity during the period following April 11, 1968, an opportunity expressly reserved to him by the decision of the board (see *Dimitropoulos's Case,* 343 Mass. 341, 344), he cannot fault the Superior Court for refusing to recommit the case for consideration of that possible issue. The decree of the Superior Court is to be modified by the insertion of a provision to the effect that dismissal of the claim for compensation on and after April 11, 1968, is without prejudice to the rights reserved to the employee under the concluding three paragraphs of the single member's decision and, as so modified, is affirmed.

*So ordered.*

*Walter E. Palmer* for the employee.
*Paul M. Rockett* for the insurer.