In re Michael E. HERRICK and Lillian T. Herrick, Debtors.

Michael E. HERRICK, Plaintiff,

v.

DEPARTMENT OF WELFARE, OF the COMMONWEALTH OF MASSACHU-SETTS and Commissioners, Industrial Accident Board of the Commonwealth of Massachusetts, Defendants.

Bankruptcy No. 81–1790–L.
Adv. No. 81–1072–L.

United States Bankruptcy Court,
D. Massachusetts.

Feb. 24, 1983.

Richard J. Cohen, Braunstein & Cohen, Hyannis, Mass., on brief, for plaintiff.

Jeffrey S. Ogilvie, Sp. Asst. Atty. Gen., Commonwealth of Massachusetts, Boston, Mass., on brief, for defendants.

## OPINION

THOMAS W. LAWLESS, Chief Judge.

The issue before the Court is whether the pre-filing assignment by plaintiff-debtor of workmen's compensation benefits to the Commonwealth of Massachusetts Division of Public Welfare (hereinafter "DPW") in return for public welfare assistance from the DPW creates an avoidable judicial lien on exempt property.

## BACKGROUND

On February 2, 1980, the plaintiff-debtor Michael E. Herrick was injured in the course of his employment. Pending the determination of his workmen's compensation claim, the plaintiff-debtor sought public welfare assistance from the DPW on February 28, 1980. To be eligible to receive public welfare funds, Massachusetts statutes require that the plaintiff-debtor assign to the DPW funds from any workmen's compensation award which he may receive in an amount of money equal to the amount of relief, support, and medical care and services furnished by the DPW to plaintiff-debtor. The plaintiff-debtor assigned his claim of workmen's compensation benefits to the DPW on February 28, 1980, and the DPW filed a copy of the February 28, 1980 assignment with the Massachusetts Industrial Accident Board (hereinafter "MIAB") on or about February 28, 1980.

Subsequently, the plaintiff-debtor received public welfare assistance from the DPW totalling $13,307.08. On October 2, 1981, the plaintiff-debtor and his spouse filed a joint Chapter 7 petition. On October 28, 1981, the plaintiff-debtor, the DPW and the workmen's compensation insurer entered into a lump sum settlement agreement in the amount of $7,500. to be distributed as follows: $1500. to the plaintiff-debtor's attorneys, $4500. to the DPW and

$1500. to the plaintiff-debtor. On December 14, 1981, the MIAB approved the lump sum settlement agreement.

## DISCUSSION

Plaintiff-debtor seeks to avoid the assignment of his workmen's compensation award to the DPW on the grounds that the assignment constitutes a judicial lien on exempt property, 11 U.S.C. § 522(d)(10)(c), which can be avoided under 11 U.S.C. § 522(f)(1) of the Bankruptcy Code (hereinafter "Code").

In support of its argument, plaintiff-debtor places great emphasis on decisions from the District of Pennsylvania, in particular *In re Galbraith*, 15 B.R. 549, 8 B.C.D. 672 (Bkrtcy.E.D.Pa.1981). *In Galbraith*, the debtors filed a voluntary petition for relief under Chapter 7 of the Code. Prior to that time, the debtors had received public welfare assistance from the Commonwealth of Pennsylvania Department of Public Welfare (hereinafter "Department of Public Welfare"). To receive that assistance, the debtors were required to periodically sign a "form" which authorized the Department of Public Welfare to confess judgements against any real property of the debtors. In order to enforce the judgements against the debtors, the Department of Public Welfare must obtain a D.S.B.[1] judgement against the debtors in the Court of Common Pleas of Delaware County, Pennsylvania which creates a lien on the debtors' real property in Pennsylvania.

Pursuant to that procedure, the Department of Public Welfare obtained four separate D.S.B. judgements against the debtors in the Court of Common Pleas of Delaware County, Pennsylvania, thereby creating liens on the debtors' residence in Pennsylvania. After filing their petition for relief under the Code, the debtors filed an application to avoid the liens pursuant to 11 U.S.C. § 522(f)(1) of the Code.

The Court in *Galbraith* held that the Department of Welfare lien was a judicial lien which arose through the legal process:

Pursuant to those definitions, we find that the DPW lien fits within the interpretation of a judicial lien as given by the Code. We so conclude because the DPW lien is a "judgement" by confession and clearly arises through a *legal process* ... (emphasis added) *Id.* 15 B.R. 549, at 673.

The reasoning of the *Galbraith* decision, that the interest acquired by the Department of Public Welfare in any real property of the debtor is a judicial lien, is consistent with other courts which have considered the problem of a judicial lien in Pennsylvania. See *In re Ashe*, 669 F.2d 105 (3rd Cir.1982); *In re Natale*, 5 B.R. 454 (Bkrtcy.E.D.Pa. 1980); *In re Porter*, 7 B.R. 356 (Bkrtcy.E.D. Pa.1980).

In the case at bar, any interest, including lien, that the DPW acquires in the plaintiff-debtor's workmen's compensation award arises by operation of statute. M.G.L.A. Ch. 117 (Public Welfare) § 8[2] provides that the DPW *shall require* that the person in need of public assistance (as a result of job accident or injury for which funds are expected to be provided by accident or health insurance, workmen's compensation, or otherwise) must reimburse the Commonwealth for each day of such relief or support by *assigning* to the Commonwealth (DPW) an equivalent amount of funds so realized for each day.

Furthermore, pursuant to M.G.L.A. Ch. 152 (Workmen's Compensation) § 46A,[3] if

---

1. D.S.B. is the abbreviation for "debet sine breve" which signifies a debt without a suit or a debt based on a confession of judgement. *In re Galbraith*, 15 B.R. 549, 8 B.C.D. 672 at note 2 (Bkrtcy.E.D.Pa.1981).

2. M.G.L.A. Ch. 117 (Public Welfare) § 8 provides in pertinent part:

If relief or support under this chapter is necessary as a result of an accident, injury or illness ... the department shall require ...

reimbursement of the commonwealth for each day ... by assigning to the commonwealth an equivalent amount of the moneys to be so realized for such day.

3. M.G.L.A. Ch. 152 (Workmen's Compensation) § 46A provides in pertinent part:

If cash assistance, relief or support, or medical assistance is paid to or on behalf of an employee ... the department of public welfare may ... file with the division a claim for reim-

cash relief or medical assistance is paid to or on behalf of an employee or a dependent of an employee by the DPW with respect to a claim which is subsequently found to be compensable, the DPW may, at any time before an award of compensation benefits or approval of lump sum settlement is paid, file with the division a claim for reimbursement out of the proceeds of the award or lump sum. When such a claim is filed, the DPW is given a lien against the award or lump sum.

As noted above, the DPW filed a copy of the assignment of February 28, 1980 between the DPW and the plaintiff-debtor, with the MIAB on or about February 28, 1980, while the plaintiff-debtor and his wife filed their Chapter 7 petition on October 2, 1981. And, also noted above, on October 28, 1981, the plaintiff-debtor, the DPW and the workmen's compensation insurer entered into a lump sum settlement agreement in the amount of $7,500. to be distributed as follows: $1500. to the plaintiff-debtor's attorneys, $4500. to the DPW and $1500. to the plaintiff-debtor. On December 14, 1981, the MIAB approved the lump sum settlement agreement.

Plaintiff-debtor's argument—that the DPW's interest in the workmen's compensation award is a judicial lien—is premised upon the notion that the approval of the lump sum settlement agreement by the MIAB constitutes a judicial action thus creating an avoidable judicial lien on exempt property. This argument cannot be sustained. Any interest, including lien, which arises in this case in favor of the DPW in the workmen's compensation benefits does so by statute. Such interest was created either on the date of the assignment (February 28, 1980), or on the date of the filing of the copy of the assignment with the

MIAB (on or about February 28, 1980); well before the date (December 14, 1981) of the approval of the lump sum settlement agreement by the MIAB. M.G.L.A. Ch. 117 (Public Welfare) § 8 confirms that the assignment is effective on the date thereof by stating that without any further action:

> Such assignment may be enforced by petition to the district court within the jurisdiction of which the person resides.

■■■ The MIAB . . . *is not a court* of general or limited common law jurisdiction, but "is purely and solely an administrative tribunal, specifically created to administer the workmen's compensation act. . . ." *Levangie's Case,* 228 Mass. 213, 216, 117 N.E. 200, 201 (1917); *Hansen's Case,* 350 Mass. 178, 180, 213 N.E.2d 869, 871 (1966); *Hayes' Case,* 348 Mass. 447, 452, 453, 204 N.E.2d 277, 280 (1965). The MIAB is authorized under M.G.L.A. Ch. 152 § 6[4] to approve a lump sum settlement agreement or to withhold approval. MIAB approval of a lump sum settlement agreement under M.G.L.A. Ch. 152 § 6 is of such a ministerial nature that the MIAB is without authority to reconsider or revoke such approval:

> When an instrument the finality of a memorandum of agreement has been approved by the board and has been acted upon, it has passed beyond the control of the board so far as concerns inquiry into its validity. *Perkins Case,* 278 Mass. 294, 299, 180 N.E. 142, 147 (1932).

As such, action by the MIAB in approving the lump sum settlement agreement, is not a judicial action which creates an avoidable judicial lien on exempt property.

Pursuant to M.G.L.A. Ch. 117 (Public Welfare) § 8, and M.G.L.A. Ch. 152 (Workmen's Compensation) § 46A, any interest in the workmen's compensation benefits, in-

---

bursement. . . . In those instances . . . the department of public welfare . . . shall have a lien against the award or lump sum. . . .

**4.** M.G.L.A. Ch. 152 (Workmen's Compensation) § 6 provides:

If the insurer and the injured employee reach an agreement in regard to compensation, a memorandum thereof shall be filed with the division, and if approved by it, the memoran-

dum shall for all purposes be enforceable under section eleven; provided, that as to the average weekly wages therein contained, the division or a member thereof may, on petition by the employee, insurer or insured, change such average weekly wages if the facts found so warrant. Such agreements shall be approved by said division only when the terms conform to this chapter.

cluding lien, which exists and arises in the case at bar in favor of the DPW, does so by statutes, coming well within the definition of a statutory lien as a "... lien arising solely by force of statute on specified circumstances or conditions ..." 11 U.S.C. § 101(38). Thus, the emphasis which the plaintiff-debtor places on *In re Galbraith, supra* is misplaced, since the liens in *Galbraith* were held to have arisen through the legal process and not from a statute, as in this instance.

## CONCLUSION

The interest in the workmen's compensation benefits, including lien, which exists in favor of the DPW in the case at bar, arises by operation of statute. Thus, plaintiff-debtor's argument—that a judicial lien exists on exempt property which can be avoided—cannot be sustained. The plaintiff-debtor's complaint to avoid a judicial lien under 11 U.S.C. § 522(f)(1) is accordingly denied and the complaint is DISMISSED.