NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

13-P-402                                          Appeals Court

 JAMES ELLIS[1]  vs.  COMMISSIONER OF THE DEPARTMENT OF INDUSTRIAL
                   ACCIDENTS & another.[2]


                        No. 13-P-402.

    Suffolk.     October 10, 2013. - September 18, 2015.

         Present:  Berry, Green, & Trainor, JJ.


Workers' Compensation Act, Lump-sum settlement, Attorney's fees.
     Administrative Law, Judicial review.  Practice, Civil,
     Frivolous action.



     Civil action commenced in the Superior Court Department on
May 28, 2008.

     The case was heard by Geraldine S. Hines, J., on a motion
for summary judgment.


     Teresa Brooks Benoit for the plaintiff.
     Timothy J. Casey, Assistant Attorney General, for
Commissioner of the Department of Industrial Accidents.
     Michael K. Landman, for Landman, Akashian & White, P.C.,
was present but did not argue.

---

     [1] Doing business as Ellis & Associates.

     [2] Landman, Akashian & White, P.C., as a reach and apply
defendant.

BERRY, J.  Reduced to essentials, in this latest appellate foray, the plaintiff, James Ellis, contends that, in considering whether to approve a lump sum agreement under § 48 of G. L. c. 152, the Workers' Compensation Act (act), for injuries to a worker, an administrative judge of the Department of Industrial Accidents (department) or a law judge on the department's reviewing board (reviewing board) (hereinafter collectively referred to as administrative judge) is absolutely foreclosed from reviewing the authenticity of the legal expenses and from adjusting those expenses downward, leaving more money for the injured worker under the lump sum settlement payment.

We reject Ellis's contentions regarding total unreviewability of the claimed legal expenses.  Ellis offers no precedent, i.e., no caselaw or statutory authority, for this proposition.  See note 8, infra.  We conclude that an administrative judge -- in review of a proposed lump sum awarded and to be paid in settlement to an injured worker -- does have the authority to review and adjust downward unsubstantiated or unreasonably excessive attorney's fees and expenses.  Put another way, it is within the purview of an administrative judge to modify the amount allocated in the lump sum settlement to an employee's attorney for attorney's fees and necessary expenses where the fees and expenses, upon review, are insufficiently supported or deemed not necessary, and the administrative judge,

by such an adjustment, neither increases the burden on the insurer nor decreases the net sum to be paid to the employee.

In the past five years alone, Ellis or his legal assistants (collectively, Ellis) have filed over one hundred and fifty workers' compensation appeals in this court. In a substantial number of these appeals, Ellis also sought further appellate review in the Supreme Judicial Court where this court decided the appeals adversely to the contentions advanced. Ellis's attorney's fees and expenses frequently have been the main subject in these appeals.[3] In a series of these cases, Ellis has

---

[3] See, e.g., Ellis v. OneBeacon Ins. Group, 76 Mass. App. Ct. 1115 (2010) (taking frivolous position that Ellis's attorney lien supersedes Division of Medical Assistance lien); Cordeiro's Case, 76 Mass. App. Ct. 1117 (2010) (challenging entitlement of predecessor attorney to fees even though Ellis had segregated fee for counsel in settlement); Ryder's Case, 80 Mass. App. Ct. 1102 (2011) (affirming denial of attorney's fees where Ellis's motion to recuse was denied and thereafter Ellis refused to submit evidence to support his claim for portion of fees allocated in lump sum settlement); Derosiers's Case, 81 Mass. App. 1130 (2012) (sole issue is denial of attorney's fees); Stepien's Case, 81 Mass. App. Ct. 1132 (2012) (challenging reduction of attorney's fees that was done in accordance with statutory factors); Perry's Case, 82 Mass. App. Ct. 1102 (2012) (arguing attorney's fees and costs due even though insurer made settlement offer upon receipt of impartial medical examiner's report but Ellis did not accept it until day before rescheduled § 36 hearing).

In addition, Ellis has filed a spate of appeals in which he refused insurers' offers of full payment in the apparent hopes of getting attorney's fees and then pursued the fee issue on appeal even when the insurer was ordered to pay only the amount offered. See, e.g., Packard's Case, 76 Mass. App. Ct. 1115 (2010); Txicanji's Case, 76 Mass. App. Ct. 1123 (2010); Wong's Case, 76 Mass. App. Ct. 1126 (2010); Derosiers's Case, supra;

been sanctioned for filing frivolous appeals and, similarly, for presenting frivolous claims involving fees and expenses before the department.[4,5]

Against this backdrop, this appeal from a Superior Court judgment -- again rejecting Ellis's makeshift contentions

---

Mahoney's Case (No. 1), 81 Mass. App. Ct. 1135 (2012); Perry's Case, supra.

[4] See, e.g., Santelli's Case, 78 Mass. App. Ct. 1119 (2011) (Ellis sanctioned for filing baseless claim against another attorney in division of attorney's fee dispute between them); Neal's Case, 80 Mass. App. Ct. 1108 (2011) (affirming department's assessment of costs against Ellis for advancing frivolous claim where Ellis unreasonably refused offer of full payment because insurer would not send check directly to Ellis without authorization from employee); AIM Mut. Ins. Co. v. Okraska, 81 Mass. App. Ct. 1106 (2011) (frivolous appeal of denial of attorney's fees resulted in claimant Ellis being ordered to pay insurer's appellate attorney's fees); McCarty's Case, 81 Mass. App. Ct. 1114 (2012) (awarding double costs of appeal for frivolous appeal by Ellis where claims had already been adjudicated and were barred by res judicata); Vasilenko's Case, 83 Mass. App. Ct. 1124 (2013) (insurer's award of appellate attorney's fees taxed on Ellis where there could be no reasonable expectation of reversal on appeal).

[5] In Ellis v. Travelers Indem. Co., 77 Mass. App. Ct. 1104 (2010), a decision issued pursuant to our rule 1:28, we observed that a Superior Court judge noted twenty-seven cases filed in Superior Court in 2008 in which Ellis failed to exhaust his administrative remedies and brought actions in an effort to recover costs, demonstrating "a wilful design to circumvent the [department] primary jurisdiction, to procure payment for unsubstantiated expenses (which usually exceed the attorney's fee ordered), and to obtain begrudging capitalization from the insurers, who are apt to settle the vexatious cases rather than incur additional attorney's fees." We affirmed the judgment awarding the insurer attorney's fees and costs pursuant to G. L. c. 231, § 6F, and awarded appellate attorney's fees and costs. In addition, we referred the matter to the Board of Bar Overseers where disciplinary proceedings are now pending.

regarding "necessary expenses" -- presents yet another unsustainable effort by Ellis to manipulate the workers' compensation system to Ellis's financial advantage vis-à-vis legal expenses.

Ellis's contention that attorney's fees and expenses are nonreviewable -- even if unnecessary or unsubstantiated -- is contrary to best interests of injured employees, and is at odds to the very purposes served by the act. "It has long been recognized that the [a]ct 'was enacted as a "humanitarian measure" in response to strong public sentiment that the remedies afforded by actions of tort at common law did not provide adequate protection to workers.'" Spaniol's Case, 466 Mass. 102, 106 (2013), quoting from Neff v. Commissioner of the Dept. of Industrial Accs., 421 Mass. 70, 73 (1995).

We are mindful that legal representation of injured employees is an important part of the workers' compensation statutory and regulatory scheme, and that payment of attorney's fees and expenses are specifically provided for at various stages of proceedings before the department and the courts.[6] However, fees and expenses for appropriate legal representation is not a carte blanche to an open credit line for an attorney to draw upon without validity. Particularly is this so where, as

---

[6] As to the framework for review of a lump sum settlement and necessary attorney's fees and expenses, see part 2, infra.

here, the attorney-related expenses have not been shown to be reasonable or actually incurred. Indeed, in this case, Ellis failed to provide to the department and the lower court appropriate documentation for these expenses, certain of which were deemed unreasonable and excessive.[7]

Oversight of the allocation to an attorney of attorney's fees and necessary expenses is an important part of the task of an administrative judge in approving a lump sum settlement agreement. Particularly is this so because the fees and expenses in a lump sum settlement differ in allocation from other, necessary fees and expenses awardable in other contexts, which under the act may be payable to an attorney directly <u>by the insurer</u>. See G. L. c. 152, § 13A(1)-(7). In contrast, in a lump sum settlement agreement, attorney's fees and expenses <u>are paid from the very lump sum settlement deemed due to the injured worker</u>. It is illustrative to view the legal setting of a lump sum settlement arrangement. Once the insurer agrees to payment of a sum certain lump sum settlement, the insurer has little incentive to scrutinize the attorney's fees and expenses submitted by the employee's attorney. Further, the injured employee would be placed in an awkward position, if called upon

---

[7] Ellis does not contend on appeal that he submitted documentation sufficient to support the amount of "necessary expenses" allocated to him in the Michael X. Smith and Brian Tape settlements. The record is devoid of any such documentation.

to contest the fees and expenses of the attorney who has represented that employee through the settlement process. Thus, it is the impartial administrative judge who stands as the overseer to the fairness and propriety of the lump sum settlement and the fees and expenses incorporated therein. See G. L. c. 152, § 48.

1. Procedural background. The appeal involves prior proceedings in two workers' compensation cases litigated during 2008, in which Ellis represented employees seeking workers' compensation for injuries sustained at work.

The first case involves Michael X. Smith. Smith and the insurance company reached agreement as to a lump sum of $50,000 after Smith had reached maximum medical improvement to compensate him for lingering effects of a tibia-fibula fracture, including persistent pain and limitation. The agreement provided for attorney's fees of $7,500, and expenses of $3,574.31. The agreement was submitted to an administrative judge for approval pursuant to G. L. c. 152, § 48. The administrative judge approved the agreement but modified it by withholding payment of the expenses pending documentation, and ultimately approved only $1844.31 in expenses and awarded the balance of $1730 to the employee. The administrative judge denied expenses that were related to pursuing a psychological injury that was not part of the settlement. The record does not

contain the documentation or other evidence provided to the administrative judge related to the expenses incurred.

The second case involves Brian Tape, who had injured his right ankle at work. The parties entered an agreement for a lump sum of $15,000 and future medical expenses, from which attorney's fees of $3,000 and expenses of $3,484.73 were to be paid. The administrative judge approved the settlement pursuant to § 48, but modified the expenses arrangement by releasing the full amount of the expenses to the employee to disburse "to his counsel as he deems appropriate."

Of note in both cases, neither the injured employees nor the compensation insurers filed appeals concerning the lump sum settlement with the adjusted fees. "Once the department gives its approval of the parties' lump sum agreement pursuant to § 48, 'further inquiry' of the merits of the controversy must be had in Superior Court." Opare's Case, 77 Mass. App. Ct. 539, 541 (2010), quoting from Perkins's Case, 278 Mass. 294, 299 (1932).

Ellis did not seek any such "further inquiry" or direct appellate review in either case. Instead, acting solely on his own behalf and in his interests -- and without joining either the insurer or injured employee -- Ellis filed an independent declaratory judgment lawsuit in the Superior Court. Specifically, Ellis, acting in his own name and doing business

as Ellis & Associates, commenced in the Superior Court a G. L. c. 231A declaratory judgment complaint coupled with a claim in equity to reach and apply against insurer's counsel. The declaration sought in the Superior Court -- tracking the position Ellis continues to advance in this appeal -- is that an administrative judge is prohibited from considering attorney's fees and expenses embedded in a lump sum settlement; and that under G. L. c. 152, § 19, the administrative judge's only recourse in the event that he finds that a lump sum agreement is not in the best interests of the employee is to reject the settlement as a whole.

A Superior Court judge rejected Ellis's contentions. The judge correctly reasoned -- a rationale which we adopt in this appeal -- that administrative judges "have the power to adjust Lump Sum Agreements in favor of claimants pursuant to their responsibility under G. L. c. 152, § 48[] to ensure that settlement is in the claimant's 'best interests,'"[8] provided that the administrative judge may neither increase the amount due from the insurer, nor reduce the amount due to the employee.[9]

---

[8] Ellis also argued that the department denied his property right to reimbursement for expenses without due process of law. Ellis does not pursue this dubious argument on appeal, and in any event, it is waived.

[9] At the outset there is also a patent flaw in Ellis being the sole plaintiff seeking such a declaratory judgment. General Laws c. 231A, § 8, inserted by St. 1945, c. 582, § 1, provides,

2. <u>The framework for a lump sum settlement and administrative review</u>. The act allows an employee and an employer or insurer to settle part or all of a claim for workers' compensation through a lump sum settlement, which, when presented to an administrative judge, as was done here, is not perfected "until and unless approved by an administrative judge or administrative law judge as being in the claimant's best interest." G. L. c. 152, § 48(1), as amended by St. 1991, c. 398, § 74. "Central to c. 152's statutory scheme is the Legislature's command that the department have oversight responsibility over lump sum settlements in order to ensure that any such settlement is 'in the claimant's best interest.'" <u>Opare's Case</u>, 77 Mass. App. Ct. at 541, quoting from G. L. c. 152, § 48. "'The determination of a lump sum [settlement] calls for a careful scrutiny of the evidence, the exercise of sound judgment and good practical sense, so that the amount will be as near as possible to the present value of all the compensation payments which the employee would be entitled to receive in the future.' <u>Paltsios's Case</u>, 329 Mass. 526, 529 (1952). The approval process under § 48 is designed to serve

―――――――――――――――――――――――――――――――――

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."

that exacting inquiry." Opare's Case, 77 Mass. App. Ct. at 542 n.6.

There is no provision in the act that the "necessary expenses" allocated to an employee's attorney as part of a lump sum settlement, once submitted to an administrative judge for approval, are exempt from this scrutiny. General Laws c. 152, § 13A(8)(b), provides that once a lump sum settlement is reached, attorney's fees, which are to be paid from the settlement, may not exceed twenty percent of the lump sum settlement. Twenty percent is an upper limit, not a lock box that bars review into the box. While the act does not refer to costs, § 13A(10), inserted by St. 1991, c. 398, § 35, states that the department "shall provide by rule the necessary expenses that are reimbursable under this section," and reasonably necessary expenses have traditionally been allowed. Pursuant to 452 Code Mass. Regs. § 1.19(2) (2013), any employee's attorney entitled to a fee under G. L. c. 152, § 13A, shall submit to the administrative judge or reviewing board an itemization of reasonable and necessary expenses and disbursements, and the insurer shall pay those expenses approved by the administrative judge or reviewing board. See 452 Code Mass. Regs. § 1.02 (2008) (defining "necessary expenses").

In an alternative approach, Ellis advances an "all or nothing" proposal as follows. Ellis contends that, even if an

administrative judge is authorized to review the "necessary expenses," § 19 of the act requires the administrative judge to reject the settlement as a whole, if the judge finds that the allocation for "necessary expenses" is not necessary, not supported, or excessive.  We are aware of no authority to support this all-or-nothing approach.  Furthermore, Ellis has not cited authority by caselaw or statute that suggests that an employee's counsel is a "party" to a lump sum settlement agreement pursuant to § 48 and § 19 such that the reduction of the "necessary expenses" component of the lump sum settlement requires an administrative judge to reject the agreement as a whole.  See Pinto v. Aberthaw Constr. Co., 418 Mass. 494, 497 n.2 (1994) (attorneys signing third-party settlement agreement in capacities as counsel for insurer and employee not "parties" to settlement agreement).  Section 19, applicable to agreements in general, is incorporated by reference into § 48.  See Bertocchi's Case, 58 Mass. App. Ct. 561, 563-564 (2003).

3.  The thrust of Ellis's frivolous litigation.  As previously noted, and as the host of Ellis's litigated cases compiled by citation in the beginning of this opinion show, this appeal is just one small part of a pattern of Ellis's frivolous litigation in advancing legally unfounded claims on appeal.

"[W]e will not hesitate to award attorney's fees and costs against counsel in appropriate cases."  Hough's Case, 82 Mass.

App. Ct. 1121 (2012).  See Donovan's Case, 81 Mass. App. Ct. 1108 (2012).[10]  In Donovan, we described the appeal as "meritless, redundant of the prior appeal, assaultive upon the integrity of the participants in the underlying administrative scheme, and wasteful of the private resources of the opposing party and of the public resources of the [department] and of the Appeals Court.  It qualifies as thoroughly frivolous within the meaning of Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979)."  Ibid.

Under this standard, this appeal is frivolous and worthy of sanctions.  As with Ellis v. Travelers Indem. Co., 77 Mass. App. Ct. 1104 (2010), see note 3, supra, we refer this case to the Board of Bar Overseers.

Judgment affirmed.

---

[10] Although our rule 1:28 decisions are not precedent, they may be cited for their persuasive value.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).  We cite the 1:28 decisions here as part of the Ellis litigation history.