ANDREW E. HEPNER'S CASE.

No. 89-P-821.

Suffolk. June 11, 1990. - September 11, 1990.

Present: DREBEN, FINE, & PORADA, JJ.

*Workers' Compensation Act*, Insurer, Notice, Public employees. *Common-wealth*, Officers and employees. *Public Employment*, Workers' compensation.

The Commonwealth is an "insurer" within the meaning of G. L. c. 152, § 1 (7), as amended through St. 1986, c. 662, § 5, for the purposes of the penalty provision of G. L. c. 152, § 7 (2), as amended by St. 1985, c. 572, § 18, and St. 1986, c. 662, § 9. [210-213]
For purposes of calculating the fourteen-day penalty period under G. L. c. 152, § 7 (2), notification of the Commonwealth as a workers' compensation insurer consists of receipt of the employer's notice of injury by the Commissioner of Public Employee Retirement Administration. [213-214]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The case was reported by *Smith*, J.

The case was submitted on briefs.

*James M. Shannon*, Attorney General, *Kathleen M. Moore & Gerald P. Noone*, Assistant Attorneys General, for the Commonwealth.

*William E. Howell & Augustus J. Camelio* for the claimant.

PORADA, J. This case involves the interpretation of the following language in G. L. c. 152, § 7, as amended by St. 1986, c. 662, § 9:

"(1) Within fourteen days of receipt of the employer's notice of injury, the insurer shall either commence payment of weekly incapacity benefits . . . to the employee or shall notify . . . the employee . . . of its refusal to

commence the payments and of its intent to contest a claim . . . .

"(2) If an insurer fails to commence such payment or make such notification within fourteen days, it shall pay to the employee, a penalty in an amount equal to two times the average weekly wage in the commonwealth at that time. Such penalty may be waived if the division of administration finds that the failure to comply with said fourteen day requirement was due to events not within the control of the insurer or its agents."

The principal issues before the reviewing board (board) of the Department of Industrial Accidents (department) and before the court are whether the penalty provision of § 7(2) applies to the Commonwealth and if so, how is it implemented.

We summarize the pertinent facts. Andrew E. Hepner, an employee of the Walter E. Fernald State School sustained a work-related injury on June 21, 1987. He reported the injury on that date to the school's personnel director who was the designated employer's agent in charge of furnishing benefits under the Workers' Compensation Act. See G. L. c. 152, § 75. On July 2, 1987, a stenographer in the treasurer's office of the Fernald school mailed the employer's notice of injury provided by the school's designated agent under § 75 to the Commissioner of Public Employee Retirement Administration (PERA) at a wrong address. PERA did not receive it until July 28, 1987. On July 30, 1987, PERA accepted the employee's claim for compensation and notified the employee of its decision the following day.

On September 2, 1987, the employee filed a claim with the department for the penalty under § 7(2) on the ground that he did not receive payment or a rejection of his claim within fourteen days of the receipt of notice of his injury by the school's designated agent under § 75. The claim was referred to the division of dispute resolution and assigned to an administrative judge for a conference. See G. L. c. 152, § 10A. Prior to the conference, the Commonwealth requested a waiver of the penalty under § 7(2) from the division of ad-

ministration. On December 18, 1987, the director of the division of administration granted a waiver on the ground that:

> "The Commonwealth of Massachusetts is unique. Technically, it is neither a self-insurer nor an insurer. However, with respect to the application of G. L. c. 152, § 7, the Public Employ[ee] Retirement [Administration] (PERA) should be treated as an insurer and the employing agency as the insured. Thus notice to the Commonwealth triggering section 7 is the formal notice of the injury received from the employing agency by PERA.
>
> Therefore, I find that in the above named case, PERA should not be subjected to the penalties provided in [§] 7."

On January 19, 1988, the parties appeared before an administrative judge of the division of dispute resolution. At that time, the parties agreed there were no facts in dispute and waived an evidentiary hearing. On February 16, 1988, the judge issued his decision in which he held that no penalty was due the employee for the reasons set forth in the opinion of the division of administration. The employee appealed that decision to the board, which reversed the judge's decision and assessed the penalty against the Commonwealth. The board held that § 7 applies to the Commonwealth and that receipt of notice of the employee's injury by the designated agent under § 75 of the employing agency and not PERA triggers the penalty period. The Commonwealth appealed the board's decision to a single justice of this court, who reported the case to a panel of this court. On appeal, the Commonwealth argues the board erred because the penalty of § 7 does not apply to the Commonwealth. We hold that it does, but that such penalty need not be paid under the circumstances presented here.

1. *Applicability of the penalty provisions of G. L. c. 152, § 7(2), to the Commonwealth.* The provisions of G. L. c. 152, § 7, impose a penalty upon an *insurer* who fails to commence payment or notify an employee of its refusal to

pay within fourteen days of the receipt of the employer's notice of injury. The Commonwealth argues that this section is not applicable to the Commonwealth because the definition of "insurer" under G. L. c. 152, § 1, as amended through St. 1986, c. 662, § 5, includes the Commonwealth only "wherever applicable," and the specific procedures mandated by the Legislature for processing benefits for Commonwealth employees under the act are inconsistent with the provisions of G. L. c. 152, § 7. We do not agree.

The definition of an "insurer" under the Workers' Compensation Act includes the Commonwealth "unless a different meaning is plainly required by the context or specifically prescribed." See the introductory paragraph to § 1 of G. L. c. 152. No provision in the act exempts the Commonwealth from the penalty provision of G. L. c. 152, § 7. Section 70 of the act specifically provides that the procedures and jurisdiction of the department under §§ 1 through 68, inclusive, of the act shall be applicable to the Commonwealth and that the Commonwealth shall have the same rights as the insurer under those provisions. The Commonwealth contends, nevertheless, that the plain language of § 6 and § 7, as well as §§ 65 through 75 of the act, establish that the Legislature did not intend the penalty provision of § 7 to apply to the Commonwealth.

Sections 6 and 7 of the act were rewritten by St. 1985, c. 572, §§ 17 & 18, respectively, and were, as the Commonwealth concedes, intended to reduce the delay in payment of benefits to employees. Section 6 requires an employer to give timely notice to an insurer of an injury to an employee which results in the loss of five or more work days or face a fine of $ 100 and prescribes the form of the notice. Section 6 also specifically provides that its provisions shall apply to the Commonwealth. Section 7, on the other hand, requires an insurer to give timely notice to an employee or face a penalty and contains no express language including the Commonwealth within its ambit. The Commonwealth seizes upon the presence of the word "Commonwealth" within the express provisions of § 6 and the absence of any comparable provi-

sion in § 7 as proof that the Legislature intended to exclude the Commonwealth from the penalty provision of § 7.

We look to the entire statutory scheme to determine the intent of the Legislature. See *Commonwealth* v. *Galvin*, 388 Mass. 326, 328-329 (1983); *Gosselin* v. *Gosselin*, 1 Mass. App. Ct. 146, 148 (1973). The definition of an "employer" under the act does not include the Commonwealth (see G. L. c. 152, § 1[5]) while the definition of an "insurer" (see G. L. c. 152, § 1[7]) does include the Commonwealth. Consequently, § 7 can omit a specific reference to the Commonwealth but § 6 cannot. Applying the penalties to the Commonwealth under both §§ 6 & 7 is consistent with the legislative purpose. See *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 382 Mass. 580, 585 (1981).

The Commonwealth next argues that the carefully crafted procedures for payment and processing of claims for Commonwealth employees embodied in §§ 69 through 75 cannot be completed in fourteen days and, consequently, a penalty will be due in every case involving a Commonwealth employee. The record before the court does not support the Commonwealth's argument. This case did not arise because statutorily mandated procedures rendered the Commonwealth powerless to act within the fourteen-day period. Instead, it resulted from the failure to send notice to PERA to the correct address. The sequence of events in the instant case does not demonstrate that the Commonwealth would not have been able to meet the requirement of G. L. c. 152, § 7. Further, the regulations promulgated by the department for payment of benefits recognize the applicability of § 7 to a public employer. 452 Code Mass. Regs. §§ 1.02 & 1.05 (1986). While an agency's interpretation of a statute is not necessarily binding upon the court, it is entitled to weight and deference. See *Massachusetts Med. Soc.* v. *Commissioner of Ins.*, 402 Mass. 44, 62 (1988).

The Workers' Compensation Act is to be construed liberally for the protection of an injured employee. *Meley's Case*, 219 Mass. 136, 139 (1914). *Fitzgibbons's Case*, 374 Mass.

633, 637 (1978). The language of § 7 read together with the other relevant sections of the act and its purpose, to reduce delay in payment of benefits, lead us to conclude that the Legislature did not intend to exempt Commonwealth employees from its provisions. We hold the penalty of § 7 is applicable to the Commonwealth.

2. *Notice to the Commonwealth as an insurer under G. L. c. 152, § 7.* The penalty under § 7 is triggered by the failure to pay or reject claims within fourteen days of "receipt of the employer's notice." The board ruled that the fourteen-day period commenced with the receipt of notice of injury by the designated workers' compensation agent under § 75 of the act. The Commonwealth argues this is error because this construction ignores the distinct duties of the designated agent (§ 75), PERA (§ 69B), the Attorney General's office (§ 69A) and the State Treasurer (§ 70) in payment of benefits under the act. All four must perform their duties within fourteen days of the receipt of the employer's notice of injury. The Commonwealth contends that if § 7 is applicable to it, the fourteen-day period must run from receipt of the employer's notice of injury by PERA, whose duties are akin to that of an insurer of a private employer.

The board has misconstrued the role of the designated agent under § 75 and PERA. The designated agent appointed by a board, commission or department of the Commonwealth under § 75 is responsible for furnishing the benefits under the act. See G. L. c. 152, § 75. His role is similar to that of a private employer. See G. L. c. 152, § 25A. Under § 69B of the act, the designated agent is required to give PERA notice of injury to an employee within forty-eight hours of its occurrence and to furnish PERA with a detailed report within two weeks. See G. L. c. 152, § 69B. Once § 6 is read together with § 69B and § 75, it makes sense that the employer's notice of injury under § 6 for a Commonwealth employer must be provided by the designated agent under § 75 and submitted by him to the employee, the department, and PERA to comply with the provisions of § 6. This is what occurred in this case.

Similarly, if we look at § 69B together with §§ 6 & 7, it makes sense that PERA's receipt of the employer's notice of injury triggers the fourteen-day period under § 7. Section 69B spells out the duties of PERA. PERA does not function under the act simply as a conduit for payment of benefits — the role the board wrongly ascribed to it. PERA's certification is necessary on each voucher submitted for payment of employee benefits. In addition, it is PERA that collects the necessary information through examination and investigation to determine if an employee is incapacitated or a payment is due. See G. L. c. 152, § 69B. As such, it functions like an insurer for a private employer.

We rule that it is the receipt by PERA of the employer's notice of injury that triggers for the Commonwealth the fourteen-day period under § 7. Since PERA accepted the claim within fourteen days of its receipt of notice in this case, no penalty is due the employee. The decision of the board is to be set aside and we remand the case to the single justice for entry of a judgment denying the claim for a penalty.[1]

*So ordered.*

---

[1]The Commonwealth also challenges the board's jurisdiction to vacate the waiver of the penalty granted by the division of administration. In light of our disposition of this case, we need not address that issue.