EVELYN J. WEITZEL *vs.* TRAVELERS INSURANCE COMPANIES.

Suffolk. January 4, 1994. - February 17, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Workers' Compensation Act*, Agreement for compensation, Exhaustion of administrative remedies. *Administrative Law*, Primary jurisdiction.

A judge of the Superior Court, under the doctrine of primary jurisdiction, correctly dismissed an action under G. L. c. 152, § 8, alleging unlawful discontinuance of workers' compensation benefits, where the plaintiff had not first sought relief from the Department of Industrial Accidents. [151-152]

General Laws c. 152, § 7, which allows insurers to make initial workers' compensation payments without prejudice to the insurer's right to contest the employee's claim, does not create an exception to the requirement of c. 152, § 19, that agreements for payment of compensation be in writing and subject to approval by the Department of Industrial Accidents. [152-153]

CIVIL ACTION commenced in the Superior Court Department on July 30, 1992.

The case was heard by *Robert Malcolm Graham*, J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Walter G. Bilowz* for the plaintiff.

*John J. Lang* for the defendant.

ABRAMS, J. The plaintiff, Evelyn J. Weitzel, filed a complaint in Superior Court to enforce an agreement with the defendant, Travelers Insurance Companies (Travelers), to pay workers' compensation benefits. The complaint alleged unlawful discontinuance of benefits in violation of G. L. c. 152, § 8 (1992 ed.). A judge in the Superior Court dismissed the complaint for lack of subject matter jurisdiction.

Weitzel appealed. We transferred the case on our own motion. We conclude that the Department of Industrial Accidents (DIA) has primary jurisdiction to hear workers' compensation claims. Therefore, under the doctrine of primary jurisdiction, the plaintiff first should seek relief from the DIA.

Weitzel alleges that she was injured while at work on December 7, 1991. Her employer, Limited Express, filed an "employer's first report of injury" with the DIA on January 24, 1992. Travelers insures Limited Express for workers' compensation. On January 28, 1992, Travelers began disability payments to Weitzel of $44 per week, pursuant to G. L. c. 152, § 7 (1992 ed.).[1] On April 3, 1992, Travelers orally agreed to increase Weitzel's weekly payments to $105, and adjusted her benefits retroactively. On June 2, 1992, after receiving a medical report stating that Weitzel was capable of returning to work, Travelers filed a notification of termination of weekly compensation with the DIA and discontinued payments. See G. L. c. 152, § 8 (1992 ed.).[2] Weitzel filed this complaint to enforce Travelers' oral agreement to pay her compensation at the rate of $105 per week. See G. L. c. 152, §§ 12 & 19 (1992 ed.).[3]

---

[1]General Laws c. 152, § 7 (1992 ed.), allows insurers to make initial payments to an injured employee without prejudice to the insurer's right to contest the employee's claim. Section 7 provides in relevant part: "(1) Within fourteen days of an insurer's receipt of an employer's first report of injury . . . the insurer shall either commence payment of weekly benefits under this chapter or shall notify the division of administration, the employer, and, by certified mail, the employee, of its refusal to commence payment of weekly benefits."

[2]General Laws c. 152, § 8 (1992 ed.), provides in part: "(1) An insurer which makes timely payments pursuant to subsection one of section seven, may make such payments for a period of one hundred eighty calendar days from the commencement of disability without affecting its right to contest any issue arising under this chapter." Section 8 was amended by St. 1991, c. 398, § 23, extending the time period from sixty to 180 calendar days. The effective date of the amendment was December 24, 1991, after the date of Weitzel's injury, but prior to the filing of the "employer's first report of injury."

[3]General Laws c. 152, § 12 (1992 ed.), provides in relevant part: "Whenever any party in interest presents a certified copy of an order or

Weitzel *v.* Travelers Insurance Companies.

*Discussion.* The plaintiff contends that G. L. c. 152, § 19, permits employees to enforce obligations for payment under G. L. c. 152, § 7, either in the Superior Court or by filing a complaint with the DIA. She argues that, by including the language "except as otherwise provided by [§ 7]," the Legislature intended to exempt § 7 payments from the requirement that compensation agreements be written, and allow agreements under § 7 to be enforced in the Superior Court. The plaintiff claims that § 19 gives the Superior Court concurrent jurisdiction with the DIA to hear claims for unlawful termination of § 7 payments.

The plaintiff asserts that construing § 19 in a more restrictive way would frustrate the purpose of the workers' compensation act, which is to be construed "liberally for the protection of an injured employee." See *Hepner's Case*, 29 Mass. App. Ct. 208, 212 (1990). In addition, the plaintiff contends that the purpose of §§ 12 and 19 is to afford relief from the evil of unlawful discontinuances which place hardships on employees who are injured. The plaintiff argues that she is entitled to seek relief from the agency or from the Superior Court for the defendant's alleged violation of § 8.

The Superior Court judge dismissed Weitzel's complaint because she failed to exhaust her administrative remedies prior to seeking relief in the Superior Court. The issue raised by the appeal is whether a claimant must first seek relief from the DIA based on the doctrine of primary jurisdiction. See *Hartford Accident & Indem. Co.* v. *Commissioner of Ins.*, 407 Mass. 23, 26 (1990). See also *Murphy* v. *Administrator of the Div. of Personnel Admin.*, 377 Mass. 217, 220-221 (1979).

---

decision of a board member or of the reviewing board and any papers in connection therewith to the superior court department . . . the court shall enforce the order or decision . . . ."

General Laws c. 152, § 19 (1992 ed.), provides in relevant part: "Except as otherwise provided by section seven, any payment of compensation shall be by written agreement by the parties and subject to the approval of the department. Any other questions arising under this chapter may be so settled by agreement. Said agreements shall for all purposes be enforceable in the same manner as an order under [§ 12]."

The doctrine of primary jurisdiction promotes the proper relationships between the courts and administrative agencies charged with regulatory duties. *Id.* at 220-221, quoting *Nader* v. *Allegheny Airlines, Inc.*, 426 U.S. 290, 303 (1976). The Superior Court judge noted that "[t]he right of action in superior court under § 12 is designed to place the power of the court behind actions of the [DIA] and is normally invoked only after the board has reviewed a claim and rendered a decision or order." See *Assuncao's Case*, 372 Mass. 6, 9-10 (1977). "[A]llowing the administrative process to run its course before permitting full appellate review gives the administrative agency in question a fair and full opportunity to apply its expertise to the statutory scheme which, by law, it has the primary responsibility of enforcing." *Id.* at 8-9.

The doctrine of primary jurisdiction is applicable "where that procedure would secure '[u]niformity and consistency in the regulation of business entrusted to a particular agency,' or 'when the issue involves technical questions of fact uniquely within the expertise and experience of an agency.'" *Casey* v. *Massachusetts Elec. Co.*, 392 Mass. 876, 879 (1984), quoting *Nader* v. *Allegheny Airlines, Inc.*, *supra* at 303-304. In order to ensure uniformity and consistency in the enforcement of G. L. c. 152, courts should defer to the agency. The DIA should have an opportunity to approve the agreement between the parties and consider the insurer's allegedly unlawful termination, before any review by the courts.

The Legislature has authorized the DIA to approve written compensation agreements. The Superior Court judge noted that neither party had submitted an "Agreement to Compensation" form which is available to memorialize binding agreements to settle compensation claims. The parties have fully briefed and argued the question whether § 19 requires that compensation agreements be written in order to be enforceable in the Superior Court. Therefore, we briefly address the question. See *Wellesley College* v. *Attorney Gen.*, 313 Mass. 722, 731 (1943).

Weitzel *v.* Travelers Insurance Companies.

The language of § 19 is clear. Any payment of compensation "shall be by written agreement by the parties and subject to the approval of the department." Where the language of a statute is plain, the courts enforce the statute according to its wording. See *Massachusetts Community College Council MTA/NEA* v. *Labor Relations Comm'n*, 402 Mass. 352, 354 (1988). Section 19 requires that compensation agreements be written and subject to DIA approval in order to be enforceable in the Superior Court. Nothing in § 7, which allows insurers to make initial payments without prejudice, creates an exception to the requirement in § 19 that compensation agreements must be written.

*Judgment affirmed.*