101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert BOWEN, Plaintiff-Appellant,
v.
YELLOW FREIGHT SYSTEMS, INC., Defendant-Appellee.
 No. 95-9235.
 United States Court of Appeals, Second Circuit.
 May 23, 1996.
 
 APPEARING FOR APPELLANT: Robert Bowen, pro se, South Kent, CT.
 APPEARING FOR APPELLEE:Joel M. Fain, Morrison, Mahoney & Miller, Hartford, CT.
 D.Conn.
 AFFIRMED.
 Present: CARDAMONE, ALTIMARI, PARKER, Circuit Judges.
 
 
 1
 Plaintiff, Robert Bowen, appeals pro se from a judgment of the United States District Court for the District of Connecticut (Covello, J.), dismissing his complaint for lack of subject matter jurisdiction. The underlying complaint alleged that defendant, Yellow Freight Systems, Inc., ("Yellow Freight") had illegally stopped paying workers' compensations benefits.
 
 
 2
 The matter arises out of an automobile accident alleged to have occurred in August of 1989, in Massachusetts, while plaintiff was employed as a truck driver by defendant. Plaintiff was seriously injured in the accident. Shortly after the accident, defendant began paying plaintiff workers' compensation benefits. Some time later, plaintiff filed a third party action against the other driver; that suit was settled in October of 1994. According to the complaint, defendant discontinued the workers' compensation payments after this settlement. Defendant confirms that it was paying plaintiff workers' compensation benefits, and that it stopped making the payments after the third party settlement pursuant to Mass. Gen L. ch. 152, § 15.
 
 
 3
 Plaintiff filed suit in an effort to force defendant to pay his medical bills and workers' compensation benefits. Plaintiff sought $25 million in compensatory damages. The complaint did not, however, indicate the basis for subject matter jurisdiction. The plaintiff simply listed mailing addresses for himself and defendant, but did not indicate whether the addresses were also the domicile of either or both of the parties. Although plaintiff mentioned that the trucking industry is heavily regulated by federal authorities, plaintiff did not reference any federal law, nor do we know of any, which could provide the basis of federal question jurisdiction.
 
 
 4
 Defendant filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) claiming, inter alia, that (1) plaintiff's recitation of mailing addresses was insufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. The district court agreed, and dismissed the complaint.
 
 
 5
 We review dismissals based on facial challenges, alleging that jurisdiction has not been successfully pleaded on the face of the complaint, de novo. Hotel and Restaurant Employees Union Local 217 v. J.P. Morgan Hotel, 996 F.2d 561, 564 (2d Cir.1993). We agree with the district court that plaintiff did not properly allege facts to establish the parties' domiciles. We do not agree that outright dismissal was the proper approach in this case. The court should have apprised the pro se plaintiff of the defect in the complaint and given him an opportunity to correct the problem. Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam)(pro se litigants entitled to some latitude); Platsky v. C.I.A., 953 F.2d 26, 28 (2d Cir.1991)(holding that district court should have explained pleading defect to pro se plaintiff rather than simply dismissing improperly plead complaint). It may well be that plaintiff is, in fact, domiciled in Connecticut and if this is so diversity jurisdiction may exist. If this were the only basis for the dismissal, we would remand with instructions for the district court to give plaintiff an opportunity to amend the complaint to include his domicile.
 
 
 6
 There is another issue, however, which suggests that the district court's dismissal was proper. See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir.1987)(even though district court erred in granting summary judgment, judgment was affirmed where dismissal was warranted for another reason). Plaintiff's complaint deals with the allegedly improper termination of his workers' compensation benefits under Massachusetts law. Massachusetts has established a four-tier administrative procedure for review of workers' compensation claims. See Mass. Gen. L. ch. 152, § 10; 452 Code Mass. Regs. § 1 et seq. Plaintiff's claim of illegal discontinuation of benefits is properly addressed to the Massachusetts Department of Industrial Accidents. See Weitzel v. Travelers Insurance 417 Mass 149, 152, 627 N.E.2d 926, 927-28 (1994)(holding that doctrine of primary jurisdiction requires that claims alleging illegal discontinuation of workers' compensation claims must initially be brought before the Department of Industrial Accidents, and that claimants may proceed to court only after the administrative procedures have been exhausted). Since plaintiff's claim must be pursued before the Massachusetts Department of Industrial Accidents, we affirm the dismissal of the complaint.