DENNIS J. GUILFOYLE'S CASE.

No. 96-P-2085.

Suffolk. December 18, 1997. - February 27, 1998.

Present: JACOBS, GILLERMAN, & SPINA, JJ.

*Workers' Compensation Act,* Agreement for compensation, Agreement to extend payment.

An insurer's agreement under G. L. c. 152, § 8(6), to extend the 180-day payment without prejudice period was not an agreement to make payments within the meaning of G. L. c. 152, § 8(1); thus, penalty provisions of § 8 (1) were inapplicable. [345-348]

APPEAL from a decision of the Industrial Accident Reviewing Board.

*John T. Walsh* for the insurer.

*John J. Morrissey* for the employee.

SPINA, J. Dennis Guilfoyle appeals from a determination of the reviewing board of the Department of Industrial Accidents (board) which concluded, inter alia, that the city of Boston (city)[1] was not liable for a $10,000 penalty, pursuant to G. L. c. 152, § 8(1), for not making any payments to him under a § 8(6) agreement to extend the 180-day period for payment without prejudice. We affirm.

Guilfoyle was employed as a correction officer with the Suffolk County sheriff's department. In that capacity, he was charged with the care, custody, and control of inmates at various locations within the Suffolk County house of correction system. On January 16, 1994, Guilfoyle sustained a work-related injury and, beginning on January 17, 1994, was paid temporary total disability benefits by the city. There was no written agreement for such payments.

---

[1]The city of Boston is the workers' compensation insurer for the Suffolk County house of correction, where Guilfoyle was employed.

On April 22, 1994, Guilfoyle was examined by one Dr. Fishbaugh, a physician selected by the sheriff's department, who opined that Guilfoyle was able to return to work as a correction officer with some restrictions. On May 6, 1994, the sheriff's department offered Guilfoyle restricted work, and Guilfoyle was notified that his workers' compensation benefits would terminate on May 13, 1994. His benefits were terminated on May 13.

On June 6, 1994, the city signed an agreement to extend Guilfoyle's benefits, without prejudice, for 180 days. Guilfoyle had signed the same agreement on January 19, 1994. The agreement was forwarded to a conciliator at the Department of Industrial Accidents (department) for authorization. On June 14, 1994, a conciliator approved the agreement. However, the city did not make any payments to Guilfoyle under that agreement, which made no provision for the nature or amount of benefits.

Guilfoyle then filed a claim for temporary total disability benefits in August, 1994, and sought the imposition of a $10,000 penalty against the city for its failure to pay him benefits within ninety days under G. L. c. 152, § 8(1). Following a conference, an administrative judge ordered that Guilfoyle be paid temporary total disability benefits from January 17, 1994, through August 9, 1994, and partial disability benefits thereafter, but he denied Guilfoyle's claim for a § 8(1) penalty.

Both Guilfoyle and the city appealed from the conference order to the same administrative judge. After a hearing, Guilfoyle was awarded temporary total disability benefits from January 17, 1994, through February 9, 1995, and partial disability benefits from February 10, 1995, through February 13, 1995.[2] The administrative judge determined that the city was not liable for any penalty under G. L. c. 152, § 8(1). Guilfoyle appealed the determination of the administrative judge only as to the penalty. The board affirmed the decision of the administrative judge. Guilfoyle appealed to a single justice of this court, and the single justice reported the case to a panel.

The issue presented by this appeal is whether an agreement under G. L. c. 152, § 8(6), to extend the 180-day payment without prejudice period is also an agreement to make payments within the meaning of § 8(1), the violation of which

[2]On February 14, 1995, Guilfoyle's physician, Dr. David Simmons, released Guilfoyle to return to work without restrictions. On March 15, 1995, Guilfoyle returned to work.

subjects a workers' compensation insurer to certain penalties under § 8(1). We conclude that it is not.

It will be recalled that on January 17, 1994, the city began paying Guilfoyle temporary total disability benefits for his work-related injury. Those payments commenced pursuant to G. L. c. 152, § 7,[3] and without a written agreement for compensation.[4] The city's payments to Guilfoyle beginning on January 17, 1994, were made without prejudice to the city. When the city notified Guilfoyle on May 6, 1994, that his benefits would be terminated on May 13, 1994, it did so in accordance with an insurer's right to unilaterally terminate an employee's benefits. General Laws c. 152, § 8(1) (as amended by St. 1991, c. 398, § 23), provides, in pertinent part, as follows:

"(1) An insurer which makes timely payments pursuant to subsection one of section seven, may make such payments for a period of one hundred eighty calendar days from the commencement of disability without affecting its right to contest any issue arising under this chapter. An insurer may terminate or modify payments at any time within such one hundred eighty day period without penalty . . .

[3]General Laws c. 152, § 7, allows an insurer "to make initial payments to an injured employee without prejudice to the insurer's right to contest the employee's claim." *Weitzel* v. *Travelers Ins. Cos.*, 417 Mass. 149, 150 n.1 (1994). Section 7(1) (as amended by St. 1991, c. 398, § 20) provides, in pertinent part, as follows:

"(1) Within fourteen days of an insurer's receipt of an employer's first report of injury . . . the insurer shall either commence payment of weekly benefits under this chapter or shall notify the division of administration, the employer, and, by certified mail, the employee, of its refusal to commence payment of weekly benefits."

[4]General Laws c. 152, § 19(1) (as amended by St. 1991, c. 398, § 41), states that, "[e]xcept as otherwise provided by section seven, any payment of compensation shall be by written agreement by the parties and subject to the authorization of the department." "Nothing in § 7, which allows insurers to make initial payments without prejudice, creates an exception to the requirement in § 19 that compensation agreements must be written." *Weitzel* v. *Travelers Ins. Cos.*, 417 Mass. 149, 153 (1994). Notwithstanding the fact that *Weitzel* was decided *after* the city had commenced payments in the present case, the payments commencing in January, 1994, were required to be made pursuant to a § 19 written agreement, contrary to the city's contentions. Guilfoyle, however, contests neither the validity of the payments nor their termination in May, 1994.

if it gives the employee and the division of administration at least seven days written notice of its intent to stop or modify payments and contest any claim filed. . . . Any failure of an insurer to make all payments due an employee under the terms of an order, decision, arbitrator's decision, approved lump sum or other agreement . . . shall result in a penalty of two hundred dollars, payable to the employee to whom such payments were required to be paid by the said document; provided, however, that such penalty shall be . . . ten thousand dollars if not made within ninety days."

Accordingly, the city could terminate Guilfoyle's benefits on May 13, 1994, without incurring a penalty.

Before a penalty may be imposed upon the city pursuant to G. L. c. 152, § 8(1), it must have failed to make all payments due to Guilfoyle "under the terms of an order, decision, arbitrator's decision, approved lump sum or other agreement," or it must have terminated payments without right. In the absence of a written agreement between Guilfoyle and the city, or an order that the city pay Guilfoyle, the city was not obligated to make payments to Guilfoyle and therefore can not be assessed a penalty pursuant to G. L. c. 152, § 8(1).

Guilfoyle argues he was entitled to a $10,000 penalty because the city failed to continue to pay his workers' compensation benefits pursuant to an agreement to extend the 180-day payment without prejudice period which he signed January 19, 1994, and the city signed on June 6, 1994, and which the department approved on June 14, 1994. An employee's ability to extend the payment period of his workers' compensation benefits is set forth in G. L. c. 152, § 8(6) (as amended by St. 1991, c. 398, § 25), which provides, in pertinent part, as follows:

"(6) Any one hundred eighty day payment without prejudice period herein provided may be extended to a period not to exceed one year by agreement of the parties provided that:

(a) the agreement sets out the last day of such extension; and

(b) a conciliator, administrative judge, or administra-

tive law judge approves such agreement as not detrimental to the employee's case."

At the time the agreement to extend the payment period was approved by the department, Guilfoyle's benefits had already been terminated by the city on the basis of Dr. Fishbaugh's opinion that he was able to return to work as a correction officer with some restrictions. The termination of Guilfoyle's benefits was properly effectuated in accordance with the provisions of G. L. c. 152, § 8(1). In light of the fact that Guilfoyle was no longer receiving workers' compensation benefits, there was nothing to extend.

Finally, contrary to Guilfoyle's arguments, an agreement to extend the 180-day payment without prejudice period is not an agreement to commence the payment of benefits, obligating the city to pay Guilfoyle workers' compensation benefits, despite the fact that such benefits had been terminated on May 13, 1994. The agreement to extend the payment period, signed by Guilfoyle and the city, and designated by the department as "Form 105," does not satisfy the requirements of G. L. c. 152, § 19(1), that payments shall be by written agreement of the parties. The form does not set forth the amount of compensation to be paid to an employee, the statutory section under which compensation is to be paid, or the schedule of payments. On the record before us, there is no reason to doubt that Guilfoyle and the city did not sign the department agreement for the payment of compensation, designated as "Form 113," which sets forth all of the information that is necessary to the appropriate disbursement of workers' compensation benefits, and which therefore complies with the requirements of c. 152, § 19(1). See Locke, Workmen's Compensation, App. K at 902 (Nason & Wall Supp. 1995).

Since the agreement to extend the 180-day payment without prejudice period is not an agreement to pay compensation, the city was not obligated to pay Guilfoyle workers' compensation benefits after such benefits had properly been terminated.

The order of the board is affirmed.

*So ordered.*