Gants, J.
On August 7, 2000, the plaintiff Daniel Larson (“Larson”) suffered a work-related injury when he fell roughly forty feet from scaffolding at a work site in Billerica. At the time of his fall, Larson was an employee of the defendant Great Eastern, which was a masonry subcontractor of the general contractor, defendant Fred Salvucci Corporation (“Salvucci”). Larson applied for workers’ compensation benefits from Great Eastern but Great Eastern did not have workers’ compensation insurance. Under G.L.c. 152, §18, which obliges general contractors to honor the workers’ compensation claims of employees of subcontractors when the subcontractor is not insured, Larson sought and obtained workers’ compensation benefits from Salvucci. Larson then filed the instant suit against Salvucci, as well as Great Eastern and Kaleast One, L.L.C. (the owner of the construction site), seeking full common-law compensation for his injuries. Salvucci now moves for summary judgment, claiming that Larson, having collected workers’ compensation benefits from Salvucci, is barred from pursuing a common-law negligence action against Salvucci. After hearing and for the reasons stated below, Salvucci’s motion for summary judgment is DENIED.
DISCUSSION
The question before the Court is whether a general contractor who, under G.L.c. 152, §18, pays workers’ compensation benefits to an uninsured subcontractor’s employee thereby is released from liability under G.L.c. 152, §23 from all common-law negligence claims brought by the employee. Although one would think this question would already be resolved by our appellate courts, it appears to be an issue of first impression.
To resolve this question, one must look to the statutoiy framework and the language of the Workers’ Compensation Act (“the Act”) in an attempt to discern the legislative intent. See generally Commonwealth v. Hinds, 437 Mass. 54, 63 (2002) (“[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished.” quoting Commonwealth v. Smith, 431 Mass. 417, 421 (2000), which quotes Registrar of Motor Vehicles v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 382 Mass. 580, 585 (1981).
Under G.L.c. 152, §25A, every employer must provide for the payment of workers’ compensation benefits to its employees by obtaining workers’ compensation insurance. An “insured person,” defined in G.L.c. 152, §1(6) as “an employer who has provided by insurance for the payment to his employees by an insurer of the compensation provided for by this chapter,” may enter into a contract with an independent contractor to perform the work that otherwise would be performed by the insured person’s employees. However, if the independent contractor has not obtained workers’ compensation insurance for its employees, the workers’ compensation insurer for the insured person “shall pay to such employees any compensation which would be payable to them under this chapter if the independent or sub-contractors were insured persons." G.L.c. 152, §18. The insurer may then seek to recover from the uninsured independent contractor all that the insurer was required to pay to its employees. Id.
Under G.L.c. 152, §23, if an “employee” accepts payment of workers’ compensation benefits for his work-related personal injury, “such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury.” G.L.c. 152, §23. Salvucci contends that Larson, pursuant to this provision, has effectively released Salvucci from any common-law claim when he accepted Salvucci’s payment of workers’ compensation benefits after Larson learned that his employer was uninsured. However, there are five reasons which, considered together, cause this Court to reject Salvucci’s argument and conclude that Larson may *286 still prosecute this common-law negligence claim against Salvucci.
First, Salvucci is an “insured” as defined in the Act only with respect to its employees, not with respect to Larson, who was the employee of its subcontractor, Great Eastern. Under G.L.c. 152, §1(6), an “insured” is identical to an “insured person.” Consequently, as stated earlier, an “insured” is “an employer who has provided by insurance for the payment to his employees by an insurer of the compensation provided for by this chapter.” G.L.c. 152, § 1 (6). Salvucci did not obtain workers’ compensation insurance for Great Eastern’s employees, only for its own. It is liable to pay workers’ compensation benefits to Great Eastern’s employees only as a matter of statute under §18, because of its failure to ensure that this subcontractor was insured.
Second, Larson is not an “employee” of Salvucci as defined in the Act; he was an “employee” only of Great Eastern. Under G.L.c. 152, §1(4), an “employee” is a “person in the service of another under any contract of hire, express or implied, oral or written.” G.L.c. 152, §1(4). There is no dispute that Larson was “in the service of [Great Eastern] under any contract of hire”; he was not in the service of Salvucci. Therefore, relying on the definitions of the terms used in G.L.c. 152, §23, that statute provides simply that an insured employer is released from liability when it pays workers’ compensation benefits to its own employee. It does not release a general contractor who. pays workers’ compensation benefits to its subcontractor’s employee.
Third, this Court’s interpretation of G.L.c. 152, §23 conforms with the language and spirit of G.L.c. 152, §15, which expressly permits employees receiving workers’ compensation benefits from their insured employer to seek redress for their personal injuries from persons other than their employer and its employees. See generally McNeil v. Commissioner of Correction, 417 Mass. 818, 822 (1994) (“where two or more statutes relate to the same subject matter, they should be construed together so as to constitute a harmonious whole consistent with the legislative purpose”). In 1971, the Legislature amended this statute to add the following sentence:
Nothing in this section, or in section eighteen or twenty-four shall be construed to bar an action at law for damages for personal injuries or wrongful death by an employee against any person other than the insured person employing such employee and liable for payment of the compensation provided by this chapter for the employee’s personal injury or wrongful death and said insured person’s employees.
G.L.c. 152, §15. This amendment made clear that the only common-law negligence actions released under the Act were those brought by an employee against “the insured person employing such employee.” Common law claims were expressly not released against an insured person who did not employ the employee bringing the suit. The explicit reference to §18 makes clear that suits were not barred against general contractors who were obligated under §18 to pay the workers’ compensation benefits of the employees of uninsured subcontractors. See Nason, Kozial, and Wall, Massachusetts Practice Series: Workers’ Compensation §27.3 (Thomson-West Publishing 2003) at 352 (“Immunity is not allowed [under §15] even where the insured person is made vicariously liable under §18 for the payment of compensation through his insurer for an injury to the employees of an uninsured subcontractor doing work which is part of or process in the trade or business of the employer”).
Fourth, this Court’s interpretation conforms with the scarce prevailing case law that touches upon this issue. In Lang v. Edward J. Lamothe Co., the Appeals Court held that, “for an employer to be immune under c. 152 from an employee’s common-law action, that employer must satisfy a two-part test: (1) the employer must be an insured person liable for the payment of compensation, and (2) the employer must be the direct employer of the employee.” 20 Mass.App.Ct. 231, 232 (1985). See also Searcy v. Paul, 20 Mass.App.Ct. 134, 138-39 (1985); Numberg v. GTE Transport, Inc., 34 Mass.App.Ct. 904 (1993) (rescript). While these cases did not specifically address whether a general contractor who pays workers’ compensation benefits to the employee of an uninsured subcontractor is released from common-law liability under G.L.c. 152, §23, they make clear that only the direct employer of the employee, not the special employer or the corporate affiliate of the employer, was intended to obtain a release through §23. As the Appeals Court declared in Searcy, the 1991 amendment to G.L.c. 152, §15 “was taken by text and periodical writers as broadly abolishing the so-called ‘common employment’ doctrine and permitting third-party actions by, or in behalf of, an injured employee against all hut his immediate insured employer.” Searcy v. Paul 20 Mass.App.Ct. at 138-39 (emphasis added).
Fifth, this Court’s interpretation conforms with the legislative purpose of the Act to protect injured employees. See Hepner’s Case, 29 Mass.App.Ct. 208, 212 (1990) (the Act is to be construed liberally for the protection of injured employees). Under Salvucci’s interpretation, a general contractor has little incentive to make sure that its subcontractors are covered by workers’ compensation insurance because, if they were not, the general contractor would be responsible for the subcontracting employees workers’ compensation benefits in the event of a workplace accident but would thereby be released from common-law liability for negligence. See Cannon v. Crowley, 318 Mass. 373, 375 (1945) (thepuipose of G.L.c. 152, §18is to prevent a general contractor “from escaping the obligation of the [Act] by letting out a part of his work to irresponsible subcontractors”). Moreover, under Salvucci’s interpretation, the employee would suffer when his employer failed to obtain workers’ compensation in *287 surance because, while the employee could still obtain workers’ compensation benefits from the general contractor, he could no longer file suit against the general contractor for common-law damages. Under this Court’s interpretation, the general contractor would have strong reason to retain subcontractors with workers’ compensation insurance because otherwise the general contractor would be responsible both to pay the subcontractor’s employee’s workers’ compensation benefits and still be liable for common-law damages. Moreover, under this Court’s interpretation, the employee would not suffer, because his remedies would remain the same even when the general contractor needed to bail out his uninsured employer. This Court’s interpretation would also not be unfair to the general contractor. Its insurer could still file suit against the uninsured subcontractor to recover the workers’ compensation benefits it was left to pay, and the amount paid in workers’ compensation benefits would be offset against any common-law recovery obtained by the employee from the general contractor. See G.L.c. 152, §§15, 18.
For all these reasons, this Court finds that a general contractor that pays the workers’ compensation benefits of the injured employee of its uninsured subcontractor is not thereby released from common-law liability under G.L.c. 152, §23. Therefore, Salvucci’s motion for summary judgment must be denied.
ORDER
For the reasons stated above, the defendant Salvucci’s motion for summary judgment is DENIED.