Murtagh, Thomas R., J.
The facts of this case stated most favorably from the perspective of plaintiff as the non-moving party are as follows.
Defendant Henry C. Becker Custom Building, LTD. (“Becker”) was in August 2008 the general contractor at a residential construction work site in Newburyport, Massachusetts (“the Project”). Timothy and Ezekiel Wentworth, as employees of Great Green Barrier Co. of Maine (“Great Green”), a company owned and operated by Timothy Wentworth, were hired by Becker to waterproof the interior of an underground cement cistern at the Project. Timothy Wentworth performed waterproofing work on a part-time basis and enlisted his son on occasion to assist him. Great Green did not have workers’ compensation for its employees. On August 20, 2005, when Timothy and Ezekiel Went-worth were performing their waterproofing work, an explosion occurred when fumes generated by the application of the waterproofing material came in contact with a lit pilot for a hot water heater which was in the vicinity of the cistern. As a result of the explosion, Timothy and Ezekiel suffered severe bums and Timothy Wentworth later died from his injuries.
In January 2006 a claim was filed by plaintiff against Becker with the Department of Industrial Accidents under §18 of M.G.L.c. 152 of the Massachusetts Workers’ Compensation Act (“the Act”). After an initial denial by Becker’s workers’ compensation insurer, the claims were settled for lump sum payments of $350,000 for Ezekiel and $20,000 for Timothy, including attorneys fees. Becker consented to these payments. Months prior to the settlement, plaintiff initiated the present wrongful death and tort actions against Becker as representative of both Timothy and Ezekiel Wentworth.
DISCUSSION
The legal question presented by Becker’s motion for summary judgment is whether plaintiff, by accepting the lump sum payments made by the workers’ compensation carrier for Becker for the injuries of Timothy and Ezekiel Wentworth, has released Becker from the claims of the present lawsuit by operation of Section 23 of the Act.
Section 23 provides, in relevant part, as follows:
If an employee accepts payment of compensation under this Chapter on account of personal injury or makes an agreement under section forty-eight, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury.
The plaintiff contends that Section 23 does not preclude recovery against Becker relying principally on the Superior Court decision and reasoning of Judge Gants in Larson v. Fred Salvucci Corp., 2004 WL 2070894 (18 Mass. L. Rptr. 247). In Larson Judge Gants ruled that an employee of an uninsured sub-subcontractor was not barred from suing the subcontractor whose workers’ compensation insurance carrier had paid benefits under c. 152, §18. The Appeals Court, however, appears to take a view opposite to that expressed by Judge Gants. In the unpublished Russell v. Downell 60 Mass.App.Ct. 1126 (2004) (Rule 1:28 decision), the Appeals Court ruled that “an employee of an insured sub-subcontractor was barred from suing subcontractor when the employee chose to accept compensation benefits from subcontractor’s carrier under c.152, §18.”
The Appeals Court stated in Russell that:
Our Workers Compensation statute reflects the Legislature’s careful balancing of the competing interests of workers and employers. The release provision of §23, in particular, provides a safeguard to an insured employer who pays workers’ compensation benefits to an injured worker, releasing the “insured of all claims or demands of common law, if any, arising from the injury.”
The Appeals Court in Russell went on to state specifically Section 15, as amended, does not conflict with §23 and read together confirm that “an insured is released from common law liability by an injured *630 worker who elects to accept compensation benefits from the insured employer.”
According to the Appeals Court it does not matter that the insured employer paying the compensation benefits was not in direct privity with the claimant.
Recently, the Appeals Court again in Kniskern v. Melkonian, 68 Mass.App.Ct. 461 (2007), considered the application of Section 23 in a situation where benefits were paid by the carrier of a company who was not clearly the claimant’s direct employer. The defendant had contended at the DIA and evidence existed that plaintiff was an independent contractor and not an employer and the parties’ lump sum settlement papers reserved plaintiffs tort claim against the defendant. The Appeals Court held that the employee’s tort claim was released under Section 23 against the company whose carrier paid their benefits. The Appeals Court emphasized in its decision both the importance of the exclusivity effects of Section 23 in the workers’ compensation scheme as well as its breadth.
As another judge of the Superior Court acknowledged in a current opinion, the Court is obligated to follow the ruling of the Appeals Court. Kimberly A. Callender, Executrix of Scott Callendar v. CSH Realty Corp. et al., WL042442 (Mass.Super 2007, Billings, J.) (23 Mass. L. Rptr. 98). Becker is therefore entitled to Summary Judgment on the ground that it has been released from plaintiffs tort claims under c. 152, §23.
ORDER
Judgment is to enter for defendant Henry C. Becker Custom Building, LTD on all Counts of the Complaint.