JOSEPH REBEIRO *vs.* THE TRAVELERS INSURANCE COMPANY. No. 88-P-98. April 20, 1989. *Workmen's Compensation Act*, Lump sum settlement.

An injured employee brought a complaint to enforce an alleged offer of a lump sum settlement by a worker's compensation insurer. Judgment entered denying relief. Unlike the circumstances in *Ferreira* v. *Arrow Mut. Liability Ins. Co.*, 15 Mass. App. Ct. 633, 635-636 (1983), in this case the insurance company did not file with the Department of Industrial Accidents an agreement for a lump sum settlement of a worker's compensation claim. See G. L. c. 152, §§ 19 and 48. It follows that the department had not taken even the first step toward review and approval of a lump sum settlement, and there was no order or decision to enforce under G. L. c. 152, § 12. The telephone negotiations described in the affidavits of counsel for the plaintiff and counsel for the defendant (together with an affidavit of the plaintiff, this constituted all the evidence in the record) reflect nothing other than an offer of settlement by the insurance company, which was rejected by plaintiff's counsel on the ground that it was insufficient. There is no suggestion that the attorney acted beyond his authority. See *Peters* v. *Wallach*, 366 Mass. 622, 626-627 (1975). The insurance company was entitled to revoke its offer before it was accepted, and the offer, once rejected, could not thereafter be revived by an attempted acceptance, i.e., the act of the plaintiff's attorney in scheduling a lump sum conference with the department. See *Peretz* v. *Watson*, 3 Mass. App. Ct. 727, 728 (1975). Another basis for the judge's decision is that, even had there been an agreement, the plaintiff took no steps to exhaust the administrative remedy available under G. L. c. 152, § 10, before seeking judicial intervention.

*Judgment affirmed.*

*Paul A. Gargano* for the employee.

*Raymond D. Ivaska* for the insurer.