Connolly, J.
Plaintiff Viktor Zimmerman (“Zimmerman”) commenced this action against defendant United States Fidelity and Guaranty Company (“USF&G”) alleging breach of contract (Count I), and violations of G.L.c. 93A and G.L.c. 176D (Counts II and III). USF&G has moved for summary judgment, and Zimmerman opposes the motion. For the reasons discussed below, summary judgment is granted in favor of USF&G on Count I only.
BACKGROUND
The record in this case includes the following undisputed facts. On May 7, 1987, Zimmerman was a college student who was working a summer job as a carpenter’s assistant for B&D Enterprises (“B&D”). While in the course of his employment, Zimmerman fell from a window and suffered a cervical fracture, rendering him a quadriplegic.
Pursuant to coverage provided by its workers’ compensation insurance policy issued to B&D, USF&G provided workers’ compensation benefits to Zimmerman.
On October 18, 1990, USF&G, through its attorney, James Stone, made three alternative offers for settlement of Zimmerman’s workers’ compensation claims, as follows:
1. $200,000.00 to settle the §28 claim only;
2. A guaranteed recovery/maximum recovery whereby Zimmerman would receive $100,000.00 if he lost the §28 claim, and USF&G would pay a maximum of $750,000.00 if he won;
3.$1.3 million to settle the entire claim.
. On October 23, 1990, Zimmerman, through his attorney, James Byrne, contacted Attorney Stone to inquire whether the offer of $1.3 million to settle the entire claim was a final offer, and to reiterate his desire to reach a settlement.[1]
Between October 29, 1990 and November 2, 1990, Attorney Byrne made several phone calls to Attorney Stone, which were unreturned.[2] On November 2, 1990, by telefax, USF&G withdrew all offers previously made in the case.
By telefax dated November 15, 1990, Attorney Byrne indicated that Zimmerman was, at all times, prepared to settle the case for $1.3 million, but was unable to confirm that acceptance because his phone calls to Attorney Stone were not returned. Attorney Stone responded, by telefax dated November 16, 1990, that Zimmerman’s alleged counter-offer of $1.875 million had extinguished USF&G’s original offer of $1.3 million, therefore, it could not longer be accepted.
On November 15, 1990, USF&G made an offer to settle only the §28 claim. Subsequently, an agreement to settle that claim for $300,000.00 was approved by the Industrial Accident Board.
By letter dated June 22, 1992, Attorney Byrne sent a demand letter pursuant to G.L.c. 93A. USF&G responded by letter dated July 7, 1992.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). When appropriate, summary judgment “may be rendered as to certain issues only, leaving other issues to be tried to the jury because they present a genuine issue of fact.” Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976).
Count I: Breach of Contract
In Count I, Zimmerman alleges that USF&G’s withdrawal of its offer to settle for $1.3 million constituted a breach of contract. In response, USF&G contends that an enforceable contract never existed between the parties. USF&G is entitled to summary judgment on this claim. Even viewing the facts in the light most favorable to the plaintiff, there is simply no evidence that an acceptance was made prior to USF&G’s withdrawal of its offer. USF&G was entitled to revoke its offer prior to acceptance, and the offer, once rejected, could not be revived by an attempted acceptance. See Rebeiro v. The Traveler's Insurance Company, 27 Mass.App.Ct. 1116 (1989), review denied, 405 Mass. 1202 (1989).
*562 Counts II and III: Violations of G.L.c. 93A and G.L.c. 176D
In Counts II and III, Zimmerman alleges that USF&G’s withdrawal of its settlement offer constituted an unfair and deceptive act in violation of G.L.c. 93A and G.L.c. 176D. USF&G contends that these claims are barred by the exclusivity provision of the Workers’ Compensation Act, G.L.c. 152, §24.
This court is unaware of any Massachusetts case which has addressed directly the question of whether a claimant can bring suit against a workers’ compensation insurer under G.L.c. 93A and c. 176D for unfair and deceptive acts during settlement negotiations. The two cases cited by the defendant concern claims for personal injuries, and for violations of G.L.c. 93A, resulting from delays in benefit payments. In Boduch v. Aetna Life & Casualty Co., 26 Mass.App.Ct. 462 (1988), the plaintiff alleged that the insurer had engaged in tortious and unfair and deceptive conduct by not paying her benefits until ordered to do so by the Industrial Accident Board. In Kelly v. Raytheon, Inc., 29 Mass.App.Ct. 1000 (1990), review denied, 409 Mass. 1102 (1991), the plaintiff brought similar claims stemming from the insurer’s failure to pay benefits in violation of a court order. In both of these cases, the Massachusetts Appeals Court held that the plaintiffs’ claims were barred by the exclusivity provision of G.L.c. 152, §24.[3] The rationale for these determinations was the presence in c. 152 of an administrative penalty for the conduct at issue. As the Court explained in Kelly:
. . . the exclusivity provisions of §24, in conjunction with the provisions in c. 152 which provide for penalties for delayed payments, reveal a legislative intent that the remedies provided by c. 152 for violations of that chapter should remain within the system and should be exclusive of all other common law and statutory remedies.
Here, as in Boduch, the touchstone of the claim is the delay in the payment of benefits . . . [The plaintiffs] remedies are to be found in [provisions of c. 152 assessing penalties on the insurer for delayed payments]. The result is that §24 bars the maintenance of this action as it did [in] Boduch.
Kelly v. Raytheon, Inc., supra at 1002.
In the instant case, the rationale of Kelly and Boduch is inapplicable. There are no remedies in the Workers’ Compensation Act for an insurer’s unfair or deceptive conduct during settlement negotiations, as there are for delayed payments. Therefore, the holdings of Kelly and Boduch do not determine the outcome of these claims as a matter of law. Whether USF&G violated G.L.c. 93A and c. 176D when it revoked its settlement offer is a question of fact to be resolved at trial. Summaiy judgment is denied as to these counts.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiff United States Fidelity and Guaranty Company’s motion for summary judgment be ALLOWED as to Count I, and DENIED as to Counts II and III.

he defendant admits that Attorney Stone had further conversations with Attorney Byrne, but disputes the substance of these discussions. The defendant alleges that Attorney Byrne made a counter-offer of $ 1.875 million to settle the entire case. For the purposes of summary judgment only, the court accepts the plaintiffs version of events as true.

Agaln, the defendant disputes this fact, and the court accepts the plaintiffs version of events as true.

Chapter 152, §24 states, in pertinent part: “An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right. . .”